## NEGLIGENCE—EVIDENCE.

[Cuyahoga Circuit Court, February 11, 1901.]

### SHAILER AND SCHNIGLAU CO. v. HUGH D. CORCORAN.

Caldwell, Marvin and Hale, JJ.

1. MOTION FOR NEW TRIAL—AMENDMENT PROPERLY REFUSED.

An application for leave to file an amendment to a motion for new trial, which relates to matters occurring after the rendition of the verdict and which were not claimed to have influenced counsel in arguing the motion for new trial (certain alleged threats made by plaintiff to counsel for defendant when about to argue the motion for new trial), was properly overruled.

2. NEGLIGENCE—EVIDENCE INCOMPETENT AS BASIS FOR RECOVERY.

Where in an action for personal injuries by a bricklayer who was injured by the falling of earth from the face of a tunnel in which he was at work, the negligence charged in the petition had reference solely to the material used and the manner of supporting the roof and sides of the tunnel, and the cutting off of the air pressure, no allegation of negligence relating to the condition of the face of the tunnel at the time of the accident being made, evidence descriptive of the face of the tunnel and feasibility of guarding against slides, is not competent for the purpose of laying a foundation for a recovery, although it might have been competent to describe the place where plaintiff was working ; and if admitted it should have been limited to such purpose.

3. Liberal Rule as to Admission of Evidence Under Pleading.

Under the liberal interpretation which must be given to pleadings under the code, there was no error in overruling an objection to the admission of evidence by the plaintiff below for the reason that the petition did not state facts sufficient to constitute a cause of action, there being allegations of negligence for failing to support the roof of the tunnel in question so as to prevent the earth falling, of failing to provide a safe place to work, of not using planks of sufficient strength, and not using a sufficient number of planks, and not sufficient heads or braces, in strength or numbers, to support the roof, and without notice or warning cutting off the supply of compressed air which assisted in supporting such roof.

4. Cond tions Under Which no Liability Exists.

A person employed in building a tunnel under a lake cannot recover for injuries resulting from the sliding of earth from the face of the tunnel, where it does not appear to have been caused by the negligence of which he complains, *i. e.*, non-support of the roof and withdrawal of air pressure, and it is not alleged and does not appear that there was negligence in guarding the face of the tunnel, but that the injuries were the result of an accident for which neither employer nor employee, each knowing the condition of the face of the tunnel and dangers incident to the work, was responsible.

Heard on Error.

*Bentley & Vickery*, for plaintiff in error.

*McKisson & Dawley*, for defendant in error.

This case was tried to a jury and resulted in a verdict for the plaintiff, Corcoran, for the sum of $9,500. A motion for a new trial was made and when it was about to be argued by counsel, the defendant company asked leave to file an amendment or supplement thereto, setting up certain alleged threats made by the plaintiff, Corcoran, against the defendant company to defendant's counsel when about to argue the motion for a new trial, that "something would happen out there which would cost the company more than five times the amount of the verdict unless they paid that up etc.". The application to amend was denied by the court of common pleas as relating to matters occurring after the vendition of the verdict and which were not claimed to have influenced counsel in arguing the motion for a new trial. The facts involved in the issues and the principal questions presented to the circuit court are briefly stated in the opinion.

Hale, J.

First. The court refused leave to the plaintiff in error to amend his motion for a new trial.

On the facts shown, we hold that this was not error.

Second. At the commencment of the trial the plaintiff in error objected to the introduction of any evidence by the defendant in error for the reason that the petition did not state facts sufficient to constitute a cause of action; which objection was overruled by the court, and an exception noted.

With some hesitation under the liberal interpretation which must be given to the pleadings under the code, we find that in this ruling, there was no error.

Third. It is insisted that the verdict of the jury was not supported by sufficient evidence and for that reason should have been set aside on motion for new trial.

The plaintiff in error was constructing under a contract a portion of the tunnel which the city was extending under the lake, to be used in supplying the city with water. The defendant was employed on that

work as a bricklayer and was on February 23, 1898, seriously injured by a large quantity of earth falling upon him from the face of the tunnel or from the face and roof thereof.

The situation is well defined in the petition, and need not be repeated here.

It was a dangerous, disagreeable and uncomfortable place to work. It was at all times a more or less hazardous employment.

The negligence charged in the petition is as follows :

" The said plaintiff says that his injuries were caused solely through the negligence of the defendant and without any fault on his part. That the defendant negligently failed to properly support said roof so as to prevent its falling and so as to prevent said earth from falling on this plaintiff. That said defendant negligently failed to provide this plaintiff with a safe place to work as it was its duty to do. That said defendant, in supporting said roof, negligently used planks which were not of sufficient strength, and did not use a sufficient number of planks. That the heads or braces used to support said roof were not sufficient in number or strength. That said defendant, without giving this plaintiff sufficient notice or warning, negligently withdrew and cut off the supply of compressed air which assisted in supporting said roof and strengthened the support of the same. That said defendant knew or by the exercise of proper care ought to have known of the dangerous condition of said roof, and knew, or by the exercise of ordinary care ought to have known, that the same was not properly or securely constructed."

The petition contains a further description of the tunnel and the manner in which the work was done, but no other charge of negligence.

The tunnel was circular in form. An excavation of sufficient size was first made for a space of ten to fifteen feet, leaving a face at the end of the excavation. The roof and sides of the tunnel after the dirt was removed, were supported by timber and planks until the brick walls were laid.

It will be noticed that the allegations of negligence have reference solely to the material used, and the manner of supporting the roof and sides of the tunnel; and this, with the further allegations that the air pressure was removed, constitutes the negligence complained of.

There is no allegation that there was the slightest fault on the part of the company in leaving the face or end of the tunnel as it was at the time the plaintiff was injured. Moreover, the condition of the face of the tunnel on that morning was exactly as the face had always been while bricks were being laid in the excavated section; and of this the plaintiff was fully cognizant.

The defendant in error was at work very near the face of the tunnel, from which the testimony very clearly shows that the earth fell which struck and injured him. The manner in which the roof was supported had no connection with the injury. From some cause not explained, the earth slid from this face, the conditions of which were equally well known both to the employer and employe.

The break may have extended slightly into the roof as it was, before the accident, but of that there is some doubt. Certainly, it is very clear that the non-support of the roof was not the proximate cause of the injury. It is equally clear that there was no withdrawal of the air pressure, which caused or contributed to this injury. The evidence falls far short of establishing any negligence in this regard on the part of the plaintiff in error.

It also seems very clear to us, that the negligence with which the plaintiff is charged, if it in fact existed, had no agency in causing the injury to the defendant in error.

It follows from what has been said, that the evidence permitted to be introduced descriptive of the face of the tunnel and the feasibility of guarding against slides, was not competent for the purpose of laying a foundation for recovery ; no charge in that regard having been made in the petition. Possibly it was competent as affording an accurate description of the place where the defendant was working. But, without more critically examining that testimony and the ruling as to its introduction, we hold that if competent at all, its effect should have been limited to the purposes above indicated.

We recognize the fact that the employment in which the defendant in error was engaged at the time of his injury was at best attended with great peril, and that the employer should be held to a strict performance of his duty towards the employe. If, however, we are right in our conclusion as to the cause of this injury, neither of these parties was seriously at fault. The injury was the result of an accident for which neither was responsible.

A motion for a new trial should have been allowed for the reason that the verdict was not sustained by the evidence ; and, in overruling such motion, there was error, and for that reason the judgment of the court of common pleas is reversed and the cause remanded for further proceedings.